IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH MICHAEL BENSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-176 |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, Rehabilitation Services Administration, and GEORGIA VOCATIONAL REHABILITATION AGENCY, | |
| Defendants. | |

**O R D E R**

Plaintiff J. Michael Benson seeks review of an arbitration panel's decision issued pursuant to the Randolph-Sheppard Act, 20 U.S.C. § 107, *et. seq.*, ("RSA"). (Doc. 1.) Plaintiff filed this suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et. seq.*, alleging that the arbitration panel erred in concluding that Defendant Georgia Vocational Rehabilitation Agency ("GVRA") did not violate the RSA when it denied Plaintiff's request for a full evidentiary hearing. (Id.) Before the Court is Defendant GVRA's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (Doc. 15.) The Motion has been fully briefed. (Id.; docs. 21 & 23.) Because Plaintiff states a plausible claim, the Court **DENIES** Defendant's Motion. (Doc. 15.)

---

[1] The United States Department of Education is also a named Defendant but has not moved for dismissal. (Doc. 1.)

## BACKGROUND

**I.     Statutory and Regulatory Background**

The RSA gives vendors who are legally blind priority over other vendors to operate vending facilities on federal property. 20 U.S.C. § 107. The United States Department of Education, Rehabilitation Services Administration, is responsible for carrying out the mandates of the RSA. 20 U.S.C. § 107a(a). Under the RSA, "[a]ny blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program" may request a full evidentiary hearing before the designated State Licensing Agency ("SLA"). 20 U.S.C. § 107d-1(a). The RSA also provides that if a "blind licensee is dissatisfied with any action taken or decision rendered as a result of" the evidentiary hearing stage, "he may file a complaint with the Secretary [of Education] who shall convene a panel to arbitrate the dispute pursuant to section 107d-2 of this title, and the decision of such panel shall be final and binding on the parties except as otherwise provided in this chapter." 20 U.S.C. § 107d-1(a). An arbitration panel's decision is reviewable by the Court as a final agency decision under the APA. 20 U.S.C. § 107d-2(a).

Blind vendors are often required to pay "set-aside funds," which are "funds which accrue to a [SLA] from an assessment against the net proceeds of each vending facility in the State's vending facility program and any income from vending machines on Federal property which accrues to the [SLA]." 34 C.F.R. § 395.1(s). In accordance with the RSA, funds can only be set aside "if it is determined by a majority vote of blind licensees licensed by such State agency, after such agency provides to each such licensee full information on all matters relevant to such proposed program, that funds under [20 U.S.C. § 107b(3)] shall be set aside for such purposes." 20 U.S.C. § 107b(3).

## II.     Factual Background

Plaintiff is a blind vendor licensed to operate vending facilities pursuant to the RSA. (Doc. 1, p. 2.) Plaintiff operates a vending facility at the Federal Law Enforcement Training Center in Savannah, Georgia. (Id.) GVRA is the designated SLA authorized by the Rehabilitation Services Administration to administer the RSA vending facility program in Georgia, known as the Business Enterprise Program ("BEP").

On March 18, 2020, the Georgia Committee of Blind Vendors, not the full body of blind vendors, voted to temporarily suspend (for six months) the collection of set-aside funds from any BEP facilities with an annual income of $200,000 or less (the "Suspension"). (Id. at p. 4.) On October 2, 2020, the Georgia Committee of Blind Voters (again, not the full body of blind vendors) voted to extend the Suspension for an additional nine months. (Id.) The annual income of Plaintiff's facility exceeded the $200,000 threshold for the Suspension, so the Suspension did not apply to him and 12 percent of his gross profits continued to be set aside between March 2020 and May 2021. (Id.) Plaintiff alleges a total of $217,372.06 was unlawfully withheld from him during the Suspension. (Id.) Plaintiff alleges that he did not receive notice from GVRA about the Suspension and that he did not learn about the Suspension until October 2021, when he heard about it from another blind vendor. (Id.)

On October 4, 2022, Plaintiff sent a letter to the GVRA director demanding the return of the $217,372.06 in set-aside funds collected from him during the Suspension. (Id. at p. 5.) On October 18, 2022, GVRA sent a letter in response, denying Plaintiff's demand for repayment and stating that "GVRA-BEP maintains that all actions it took regarding the temporary suspension of set-aside were undertaken in accordance with all applicable laws and regulations." (Id.) On

November 7, 2022, Plaintiff requested a full evidentiary hearing about GVRA's refusal to return the set-aside funds withheld during the Suspension. (Id.) On December 12, 2022, GVRA denied Plaintiff's request for a hearing on the grounds that it was not filed within 15 working days of the Suspension, which it claimed the BEP Rules and Regulations required. (Id.)

On February 27, 2023, Plaintiff filed a complaint with the Department of Education, asking it to convene an RSA arbitration panel to arbitrate his dispute against GVRA and grant him disposition and relief on several issues. (Id. at p. 6.) On May 30, 2023, the Department of Education convened an arbitration panel to decide whether GVRA violated the RSA when it denied Plaintiff's request for an evidentiary hearing on its denial of his demand for repayment of set-aside funds. (Id.) On March 11, 2024, the arbitration panel held a hearing on Benson v. Georgia Vocational Agency, R0S/23-01, in Savannah, Georgia. (Id.) On June 14, 2024, the arbitration panel issued its decision (the "Final Decision"). (Id. at pp. 6, 14–37.)

The panel concluded that GVRA did not violate the RSA when it denied Plaintiff's request for a hearing because the request was untimely. (Id. at pp. 6, 35.) The panel determined that GVRA's refusal to return Plaintiff's funds was not a grievable "action" under the RSA and that the 15-day limitations period under the BEP began to run in October 2021 when Plaintiff received actual notice of the Suspension. (Id. at pp. 6–7, 30–31, 33.)

### III. Procedural History

Plaintiff filed this suit, seeking judicial review of the panel's Final Decision under the APA (Count I), and equitable restitution of his funds (Count II). (Id. at pp. 7–11.) In the Complaint, Plaintiff alleges that the arbitration panel erred in making its determinations, and that the Final Decision "was arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance

with law, and [Plaintiff] is entitled to relief." (Id. at pp. 2, 9.)  GVRA moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1).  (Doc. 15.)  Plaintiff filed a Response, (doc. 21), and GVRA filed a Reply, (doc. 23).  The Department of Education filed the administrative record.  (Doc. 20.)

## LEGAL STANDARD

A court may dismiss a complaint when it lacks subject matter jurisdiction under Rule 12(b)(1) or when the complaint does not state a facially plausible claim for relief under Rule 12(b)(6).  Here, Defendant argues that dismissal is appropriate on both grounds.

Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside of the pleadings.  McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).  Where, as here, Defendant presents only a "facial attack," the Court proceeds as if it were evaluating a 12(b)(6) motion.  Id.

Under a motion to dismiss brought pursuant to Rule 12(b)(6), a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).  A complaint must state a facially plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft, 556 U.S. at 678).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice.  Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

5

**DISCUSSION**

Defendant argues that the Court should dismiss this case for three reasons: (1) Plaintiff fails to state a claim upon which relief may be granted as the complaint depends on erroneous legal conclusions; (2) Plaintiff's request for the Court to determine whether Defendant exceeded its authority under RSA for the suspension is not ripe for review as the arbitration panel did not make any factual findings or conclusions in relation to this claim; and, (3) Plaintiff's request for restitution, attorney's fees, and costs (Count II) is barred by sovereign immunity. (Doc. 15, pp. 2–3.) The Court addresses each issue in turn.

**I.    Plaintiff States a Claim Upon Which Relief May be Granted.**

In the Complaint, Plaintiff alleges that the Final Decision was "arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law," and seeks judicial review of the Final Decision. (Doc. 1, p. 8.). Defendant GVRA moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim because, it claims, the Complaint "depends on erroneous legal conclusions." (Doc. 15, p. 2.) Plaintiff argues that in the Motion to Dismiss, "GVRA is really asking the Court to substitute the plausibility analysis with a merits review," and "[Rule] 12(b)(6) is not an appropriate vehicle for that request." (Doc. 21, p. 6.) But Plaintiff argues that regardless of the appropriate standard of review, "the Complaint satisfies the plausibility standard," as Plaintiff "has stated a plausible claim for judicial review of a final agency action . . . [t]hus, dismissal is not appropriate." (Id. at pp. 7, 9.)

Notwithstanding that the purpose of an APA review case is to have a district court undertake an actual review of the complete administrative record (to determine, for example, whether a final decision was arbitrary or capricious), the Eleventh Circuit Court of Appeals has

indicated that, at least in certain limited instances, the face of a complaint seeking judicial review of an underlying administrative decision *can* fail to state an actionable claim. See Morales v. Acting Sec'y, United States Dep't of Homeland Sec., No. 21-10835, 2022 WL 73761, *6 (11th Cir. Jan. 7, 2022); see also Pike v. Johnson, 103 F.Supp.3d 1362, 1369 (N.D. Ga. 2015) ("[B]ecause [the final agency decision] was not arbitrary, capricious, or an abuse of discretion, Plaintiff's complaint fails to state a claim and is due to be dismissed."); Velez-Duenas, v. Swacina, 875 F.Supp.2d 1372, 1377 (S.D. Fl. 2012) (finding that plaintiff failed to state a claim under the APA because plaintiff could not show that the agency's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law); Atieh v. Riordan, 727 F.3d 73, 76 n.4 (1st Cir. 2013) ("This does not mean, however, that Rule 12(b)(6) can never be in play in an APA appeal. Such a motion may be appropriate in certain circumstances. For example (and without limiting the generality of the foregoing), it is possible that such a motion might lie where the underlying premise of the complaint is legally flawed (rather than factually unsupported)" (citing Zixiang Li v. Kerry, 710 F.3d 995, 1000–01 (9th Cir. 2013)).

In Morales, the Eleventh Circuit considered an appeal of the district court's dismissal of the plaintiff's complaint in which he sued under the APA seeking judicial review of the United States Department of Homeland Security's decision to terminate his status under the Deferred Action for Childhood Arrivals program ("DACA"). 2022 WL 73761, at *1. The Eleventh Circuit affirmed the district court's dismissal of the APA case because the facts alleged in the plaintiff's complaint failed to support the claim that the decision was arbitrary or capricious. Id. at *6. The relevant statutory definitions and provisions clearly allowed for the termination of plaintiff's DACA status given the underlying facts he had explicitly alleged in the complaint. Id. at *5–6.

7

Specifically, the complaint stated that the plaintiff had been charged with certain crimes, and the court did not have to make any judgment calls or interpretations to find that those crimes clearly fit the definition of a "crime of violence" carrying a penalty of imprisonment for at least a year (under the relevant statutory definitions and case law).  Id.  The Eleventh Circuit found that the plaintiff's blatant allegations in his complaint, when considered along with the relevant statutory definitions and provisions, established that there was no basis upon which the underlying administrative determination could be reversed.  Id.  Put another way, the Court did not need to review the administrative record, as the allegations in the complaint and the relevant law clearly established that the termination was authorized and thus could not be deemed arbitrary or capricious.  Id.

The Morales opinion demonstrates that, in certain situations, an APA case may be subject to dismissal for failure to state a claim in the complaint (without any review of the administrative record taking place).  This is particularly so where the plaintiff has pleaded his case in a way that shows there is no basis for relief from the underlying decision.  Id.  Thus, contrary to Plaintiff's assertions in his briefing, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is subject to consideration and disposition.  (See doc. 15.)

In his Complaint, Plaintiff alleges that the arbitration panel erred in concluding (1) that GVRA did not violate the RSA when it denied Plaintiff's request for a hearing because the request was untimely; and (2) that GVRA's refusal to return Plaintiff's funds was not a grievable "action" under the RSA.  (Doc. 1, p. 7–9.)  In its Motion to Dismiss, GVRA argues the Complaint fails to state a claim because it "depends on erroneous legal conclusions," yet GVRA fails to provide a sufficient argument as to why Plaintiff fails to state a claim.  (Doc. 15, pp. 2, 7–10; doc. 23, pp. 2–

3). GVRA does not identify sufficient legal authority requiring the Court to conclude that GVRA had the right to deny Plaintiff a hearing, and GVRA has not offered *any* basis for determining that Plaintiff's challenge of the determination that his request for hearing was untimely fails as a matter of law. (Doc. 15, pp. 2, 7–10; doc. 23, pp. 2–3.) First, GVRA argues that Plaintiff cannot, as a matter of law, show that the panel was arbitrary or capricious in finding that the denial of his repayment demand did not qualify as an "action arising from the operation or administration of the vending facility program"; however, in so arguing, GVRA relies exclusively on the arbitration panel's *own* interpretation of what constitutes such an action. (See doc. 15, pp. 8–9.) GVRA offers no legal authority to support the panel's finding that the phrase "action arising from the operation or administration of the vending facility program" necessarily does not cover GVRA's actions here. (See generally id.) The relevant statutory and regulatory provisions and definitions here are not clear and direct as they were in Morales, 2022 WL 73761, at *6. See 107 U.S.C. § 107d-1(a); 34 C.F.R. § 395.13(a). The lack of a clear definition for what constitutes a grievable "action" here, and Defendant's failure to offer a specific argument as to why Plaintiff's challenge of the panel's timeliness determination fails as a matter of law provide the basis for a plausible claim.

Because Plaintiff has stated a plausible claim, the Court **DENIES** Defendant's Motion to Dismiss for failure to state a claim. (Doc. 15.)

II. **Plaintiff's Request for the Court to Determine Whether Defendant Exceeded its Authority Under the RSA for the Suspension**

Defendant claims that "Plaintiff's request for this Court to determine whether GVRA exceeded its authority under RSA for the suspension is not ripe for review as the arbitration panel did not make any factual findings or conclusions in relation to this claim." (Id. at pp. 2–3; see doc.

9

1, pp. 10–11.)  In response, Plaintiff argues that, as to the Suspension, the arbitration panel "***did*** address whether GVRA complied with the notice requirements of the [RSA], because that was intrinsic to the issue of whether [Plaintiff's] request for a hearing was timely."  (Doc. 21, p. 10.)  The Court **DENIES** the Motion to Dismiss on this ground **without prejudice** to GVRA's right to raise the issue to the Court again in later briefing (in conjunction with a review by the Court of the administrative record).[2]  (Doc. 15.)

### III.  Plaintiff's Request for Restitution, Attorney's Fees, and Costs

Defendant argues that GVRA has sovereign immunity from Plaintiff's request for restitution damages, attorney's fees, and costs (Count II), because GVRA has not waived its immunity from RSA damages, and the RSA is insufficiently explicit to award attorney's fees and costs.[3]  (Id. at pp. 10–17.)  The Court reserves ruling on this argument and will address it, as necessary, in a later order to be issued once the Court reviews the administrative record.[4]

### CONCLUSION

For these reasons, the Court **DENIES** Defendant GVRA's Motion to Dismiss.  (Doc. 15.)  Defendants shall file answers to the Complaint within **FOURTEEN (14) DAYS** of the date of this Order.  Additionally, within **FOURTEEN (14) DAYS** of the date of both Defendants have filed their answers, the parties shall confer and file a Joint Status Report advising the Court whether this

---

[2]  In any such later briefing of this issue, the parties shall be sure to include all necessary citations to the administrative record.

[3]  The Court notes that Count II is premised on the assumption that Plaintiff will prevail on Count I.

[4]  At this time, the Court considers the parties' briefing on this topic adequate.  Unless directed to do so, the parties do not need to reiterate the entirety of their arguments on this topic in any later motions or motion-related briefing; simply raising the general argument and referring the Court to the previous briefing (with document and page citations) will suffice.

case can be decided based on briefing and the administrative record, or whether, instead, any discovery is necessary.  Accordingly, the discovery stay entered by the Magistrate Judge, (doc. 22), remains in place pending review by the Undersigned of the Joint Status Report.

**SO ORDERED**, this 23rd day of January, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA